## Dotts v. Schaiko.

*Statement—Amendment—Failure to lay a venue—Statute of limitations.*
Where, in an action of slander, the statement of claim fails to aver a *venue*, merely stating that the slanderous words were uttered at the "county aforesaid," there being nothing preceding these words to indicate the county referred to except the caption of the case, the plaintiff may amend by inserting the words "of Philadelphia" between the words "county" and "aforesaid;" such an amendment does not introduce a new cause of action and may be made after the statute of limitations has run against the claim.

Rule to amend statement. C. P. No. 3, Phila. Co., March T., 1923, No. 1462.

*A. S. Ashbridge,* for plaintiff; *Paul Reilly,* for defendant.

FERGUSON, J., Feb. 6, 1925.—This is a rule to amend statement of claim in slander. The statement averred that the slanderous words were uttered at the "county aforesaid." Nothing in the statement of claim preceding these words indicates the county to which reference is made, but the caption of the case refers to Court of Common Pleas No. 3 of this county. Defendant pleaded not guilty. The cause proceeded to trial, and at trial plaintiff at bar asked to amend by inserting the words "of Philadelphia" between the words "county aforesaid." The amendment was allowed; whereupon defendant entered a plea of surprise and the cause was continued. We have now before us a formal rule for this amendment. Defendant objects, because it introduces a new cause of action after the statute of limitations.

It is true that a slander may be uttered at any place. Defendant, therefore, would have been justified in demurring to the statement as originally filed, in that no *venue* was laid. Instead of doing so, he entered a plea of not guilty, being apparently satisfied that the statement gave all the information necessary for the purpose of pleading.

We think, under the circumstances, the amendment should be allowed. Had there been an affidavit to hold to bail which contained such indefinite averments, there can be no doubt the court would have discharged the defendant on common bail. An entirely different situation is presented when we have to deal with a statement of claim. We do not regard the addition of the words of the proposed amendment as introducing a new cause of action.

The rule, therefore, must be made absolute.